IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY R. TRANTHAM,                                          CV. 06-814-BR

               Petitioner,                    OPINION AND ORDER

    v.

JEAN HILL,

               Respondent.


RENEE MANES
Assistant Federal Public Defender
101 SW main Street, Suite 1700
Portland, OR  97204

     Attorney for Petitioner


HARDY MYERS
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

     Attorneys for Respondent


1 - OPINION AND ORDER

BROWN, District Judge

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges the legality of his sentencing under Measure 11, Oregon's mandatory minimum sentencing statute. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In 2000, Petitioner was arrested and charged with Attempted Murder, Assault in the Second Degree, Unlawful use of a Weapon, and Burglary in the First Degree following an incident involving his ex-girlfriend. Petitioner waived his right to a jury and proceeded to a trial by the court. He presented a defense of insanity and diminished capacity. The court found Petitioner guilty on all charges and imposed a sentence of 90-Months under Measure 11 on the Attempted Murder conviction with concurrent sentences on the remaining convictions. Recognizing mental illness was a factor in Petitioner's crimes, the court recommended in the judgment that Petitioner receive treatment while incarcerated.

Petitioner appealed his conviction challenging the Measure 11 sentence as "cruel and unusual punishment" as applied to him - a first-time offender with documented mental health problems. The Oregon Court of Appeals affirmed without opinion. (Respt.'s Exh. 107.) The Oregon Supreme Court denied review. (Respt.'s Exh. 106.)

Petitioner filed for post-conviction relief (PCR) alleging seven grounds for relief based on alleged ineffective assistance of trial counsel.  Following a proceeding at which Petitioner testified, the PCR trial judge denied relief on all of Petitioner's claims.  Petitioner appealed, submitting a *Balfour* brief limited to his claims challenging sentencing under Measure 11.[1]  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  (Respt.'s Exh. 129, 130.)

Petitioner filed the instant petition on June 8, 2006, presenting the seven grounds for relief raised to the PCR trial court.  Respondent contends all but Ground Five are procedurally defaulted, and Petitioner acknowledges only Ground Five is before this court.  Respondent urges the court to give deference to the state court's findings as to Ground Five pursuant to 28 U.S.C. § 2254(d)(1).

/ / /

---

[1]Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument.  Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous.  *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - OPINION AND ORDER

## DISCUSSION

### I.    Procedurally Defaulted Claims

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition). Respondent contends only Ground Five was presented to the Oregon Supreme Court in Petitioner's PCR appeal. As noted, Petitioner concedes "only the claim[ ] regarding the imposition of a Measure 11 sentence" is properly before the court. (Petr.'s Brief in Support of Habeas Petition, 5.) Accordingly, relief on Grounds One, Two, Three, Four, Six and Seven is denied.

### II.    The Merits as to Ground Five

In Ground Five, Petitioner alleges he was denied his right to effective assistance of counsel when trial counsel did not adequately object to the imposition of a Ballot Measure 11 sentence.

### A.    Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2)resulted in a decision that was based on an unreasonable determination of the facts in light of the  evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at

5 – OPINION AND ORDER

413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

A federal claim of ineffective assistance of counsel requires petitioner to prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Strickland*, 466 U.S. at 697.

**B. Analysis**

The state PCR court denied relief on Petitioner's ineffective assistance claims in a general judgment stating that he had "failed to prove any of the claims" and that there was "no basis for post-conviction relief." (Respt.'s Exh. 125.) Petitioner argues this decision is not owed deference because there is "[n]o legal analysis, or indication of any standard of review." (Petr.'s Brief, 6.)

When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 982 (9th Cir. 2000). The review does not, however, change the rule of decision. *Greene v. Lambert*, 288 F.3d 1081, 1089 (9th Cir. 2001). The federal court's review focuses on whether the state court's resolution of the case was an unreasonable application of clearly established federal law. *Id*. If the federal court does not find that the state court decision was objectively unreasonable, deference is given to the state court decision and habeas relief is denied. *Delgado*, 223 F.3d at 981-82; *see also Williams*, 529 U.S. at 386-89.

To prevail on his claims of ineffective assistance of counsel, therefore Petitioner was required to prove counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. There is a strong presumption that counsel provides adequate assistance. *Id*. at 690. Accordingly, Petitioner needed to identify the acts or omissions that he alleged were not the result of reasonable professional judgment. *Id*. From these the PCR court was to determine whether, in light of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id*.

In considering Petitioner's claim challenging sentencing under Measure 11, the PCR trial judge asked Petitioner what he felt his attorney should have done to better challenge sentencing under Measure 11.  Petitioner replied:

> Well, I think at that time I don't know what she could've done, but she did - she did object to it under Measure 11. She brought it up anyway.  But as far as I know, I don't think she - I think she did all she could, really.  [ ] I - you know, I don't know what more she could've done."

(Respt.'s Exh. 124, 12.)  Petitioner did not allege acts or omissions by counsel to support his claim.  He also failed to allege acts or omissions in his trial memorandum.  While Petitioner submitted trial counsel's affidavit stating she did not object to Measure 11 sentencing, (Respt.'s Exh. 115, 8), the affidavit also stated that the Oregon Supreme Court found Measure 11 sentencing constitutional prior to Petitioner's case making an objection to his sentencing under Measure 11 futile.  In any event, the sentencing transcript shows trial counsel did in fact object to Measure 11 sentencing as unconstitutional as applied to Petitioner. (Sentencing Tr. Nov. 30, 2000, 7.)

With the Oregon courts having upheld the constitutionality of Measure 11 sentencing prior to Petitioner's case and Petitioner not alleging acts and omissions that rendered counsel's representation inadequate, it is clear Petitioner did not meet his burden of showing trial counsel's representation fell below an objective standard of reasonableness.  Under *Strickland*, a court may deny a claim of ineffective assistance of counsel if the petitioner fails

8 - OPINION AND ORDER

to prove either the performance prong or the prejudice prong. Therefore, the PCR trial court decision to deny Petitioner relief, finding he had not proven his claims, was not contrary to or an unreasonable application of *Strickland*.    Accordingly, federal habeas relief is precluded.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 10th day of December, 2007.


/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER